NO. 7703.                          STATE OF LOUISIANA.

GRAND ISLE NAVIGATION DISTRICT
                                   COURT OF APPEAL
        VS

LOREDON G. RIGAUD.                 PARISH OF ORLEANS.
-------------------------------------------------------------------o

OPINION.

By His Honor John St. Paul.

Plaintiff sought to expropriate part of defendant's land and offered $25. Defendant asked $1500 as the value of the part to be taken and of the damages to the rest. The jury allowed $10 and defendant appealed.

Plaintiff now moves to dismiss for want of jurisdiction"because the amount involved is less than $100."

The basis of the motion is that the value of the land sought to be taken is admittedly less than $100, and that defendant cannot recover the damages to the rest of the land in the same suit.

The motion to dismiss cannot prevail; I. Even if the point were well taken, nevertheless the claim is made in this suit and therefore this court has appellate jurisdiction to decide whether it be proper to entertain the claim now; for that very question presents a serious controversy involving more than $100. In other words, where one cause of action is cumulated with another the very question whether it was properly so cumulated presents a controversy involving at least the amount of the claim so cumulated. And 2. The very words of the law declares that the demand for damages to the rest of the land may properly be cumulated with the claim for the value of the part to be taken, thus;"x x A jury shall be empaneled which shall x x x determine, after hearing the parties and their evidence, what is the value of the land x x x. And what damages, if any, the owner would sustain in addition to the loss of the land x x x." C. C. 2362.

The motion to dismiss is therefore not well founded.

Motion Denied.

New Orleans, La, November        1919

O P I N I O N.

St. Paul, J;

This is a suit to expropriate a small portion of *for the construction of a navigation canal* defendant's marsh land under the provisions of Act 302 of 1914; and incidently enough land on both sides thereof to hold the excavations taken from the trench; the same to be thrown up as dykes to protect the canal from damage by surface drainage, and serve as a foundation for landing places and roads or approaches thereto.

I.

. The defendant challenges the constitutionality of the act of 1914 on two grounds;

Ist· That it violates Art 31 of the constitution in that "it embraces more than one object, and provides for navagation canals and also for building of public roads or highways." But we have searched the act in vain for anything that appears to authorize Navagation Commissions to undertake the construction of roads and highways, otherwise than *as* adjuncts and accessories to a navagation canal; and this only in the following words, which on their face show that the statute has but one object; viz, "They shall have the further power to improve the entire district (or) by any means whatever they deem most advantageous to effect the object for which they are formed."

301

2. That it violates article 210 of the constitution in that it permits the appointment of (and there have been appoimted) Navigation Commissions who do not reside in the district. It may be _that_ provision of the act violates the constitution; but if so it falls of its own weight, without however affecting in any way the rest of the act; for this part of the law is not so essential to the main purpose that the latter cannot stand without it. As to the fact that commissioners may not be residents of the district and therefore not qualified to hold their office, there we meet with a doctrine as old as the time of Pomponius; for, a fugitive slave having become Praetor in Imperial Rome, that great jurisconsult first laid down the doctrine that the official acts of a defacto officer could not be collaterally assailed (D. I. I2.3). See State vs Sadler, 51 An 1397.

## II.

From a list of 48 names of apparently qualified jurors 24 were selected according to law and summoned as special jurors herein. On the day of trial one juror failed to appear because he had not been found, another was found to be exempt by law, and a third was excused by the judge on account of illness. Thereupon the defendant by exception and objection challenged the _array_ and objected to going to trial until sufficient jurors should be attached (summoned instanter?) to complete the array of 24 under R. S. 700. But the judge forced the trial at once and the panel was

302

formed (apparently) without challenges to the polls in any case.

The objections were properly overruled. It is no cause for challenging the array of jurors that the exact number required by law were not drawn or did not appear, or that some of them were not qualified; but it lies wholly within the discretion of the trial judge to order a trial to proceed when in his opinion there are a sufficient number present to complete the panel. C. P. 497, 501; State vs Farrer, 35 An 315. This being the rule in criminal as in civil matters, we see no reason why it should not prevail in expropriation suits; since otherwise the trial of such cases would be well nigh impossible.

### III.

On the merits the situation is this. Plaintiff tendered $25 for the land, the evidence is conclusive that it is not worth $10, and the jury allowed only the latter sum. Defendant claims however that by reason of the canal cutting him off from his own private landing by blocking a shellroad leading thereto he will be damaged in a very large sum if the canal should prove a failure. He admits however, repeatedly and unqualifiedly, that if the canal proves a success he will be damaged in no way whatever.

If the question whether the canal would or would not prove a success were one of fact we would have no difficulty whatever in concluding the affirmative; for the defendant

303

only <u>doubts</u> its success, whilst others (better qualified than he) do not hesitate to affirm their abiding faith in the complete success of the enterprise.

But in our opinion that question ~~is one that question~~ is not one of fact but of <u>law</u>; for the presumption is <u>juris</u> <u>et de jure</u> that the canal WILL be a success. In other words, the inauguration of a public work of any kind is a legislative function; but no public work should be inaugurated by a legislative body until it has first determined that it will be a success. Hence when a legislative body has inaugurated a public work of any kind, it has in the exercise of its proper functions determined affirmatively that the work will be a success; and it is therefore not within the province of the judicial department to substitute its own opinion for that of the legislative finding. Const Art 17.

We therefore conclude that defendant is entitled only to the value of the land taken, and not to damages. But under the pleadings the award of the jury should have been for the amount tendered, towit $25. In view of the tender the trial judge properly condemned the defendant to pay the costs of the court below; but of course the plaintiff must pay the costs of appeal.

304

It is therefore ordered that the judgment appealed from be amended so as to increase the amount awarded defehdant from ten to twenty five dollars; and as thus amended the judgment is affirmed; defendant to pay the costs of the court below and plaintiff to pay the costs of appeal.

New Orleans, La, February        1920